**GENERAL MOTORS CORPORA-TION, Plaintiff,**

v.

**UNITED STATES of America, Interstate Commerce Commission and Railway Express Agency, Inc., Defendants.**

**No. 15821.**

United States District Court E. D. Michigan, S. D. March 27, 1957.

Henry M. Hogan, General Counsel, General Motors Corp., Detroit, Mich., for plaintiff.

Victor R. Hansen, Asst. Atty. Gen., James E. Kilday and Colin A. Smith, Attys. for Dept. of Justice, Washington, D. C., Fred W. Kaess, U. S. Atty., Detroit, Mich., Robert E. Johnson, Law Dept., Railway Express Agency, Inc., New York City, Carroll T. Prince, Jr., Atty., I.C.C., Washington, D. C., for defendant.

LEDERLE, Chief Judge.

### Findings of Fact

1. This is an action instituted by General Motors Corporation, plaintiff, against the United States of America and the Interstate Commerce Commission (hereinafter referred to as "the Commission"), to set aside a report and order entered by the Commission, on October 31, 1955, in Docket No. 31642. Railway Express Agency, Inc. (hereinafter referred to as "Railway Express") was permitted to intervene in the instant proceeding as a defendant, Section 2323, Title 28, U. S. Code.

2. Plaintiff filed a complaint with the Commission on October 6, 1954, alleging that excessive charges were made by Railway Express on three movements of automobile gear frames and automobile body parts shipped on October 1, November 13 and December 3, 1952, from Cleveland, Ohio, and Pontiac and Lansing, Michigan, respectively, to South Gate, California. On October 31, 1955, the Commission, by Division 2, entered a report and order dismissing plaintiff's complaint, 297 I.C.C. 248.

3. The automobile parts and gear frames involved in the three transactions moved to the South California Plant of General Motors located at South Gate, California, as four carload shipments.

4. The Express Company maintains only two principal classes of traffic, first and second class, and publishes a classification that applies to all of its traffic whether rated first or second class. The Express Classification provides that first class traffic consists of general merchandise and second class traffic consists of articles of food and drink. Under the provisions of Rule 1, the classification of auto body parts and auto gear frames are rated first class.

5. Official Express Classification No. 35, I.C.C. 7950, is a tariff that provides various rules and regulations governing the handling of the Express Company shipments. It includes two rules designated as Rules 16 and 17, the interpretation of which are at issue in this action. These rules read as follows:

"Rule 16.  Carload of Bulky Shipments, Not Including Live Animals or Live Stock.

"(a) Property rated First-Class or higher, which by reason of its dimensions or weight, cannot be loaded or carried in the ordinary baggage-express car, and for which a special car must be provided, or heavy castings or other shipments of unusual size or weight, originating at or destined to way stations, even though they can be loaded in the ordinary baggage-express car, must not be accepted for shipment until the dimensions, the weight and a complete description of the property have been reported to the superintendent and arrange-

ments have been made by him for handling and forwarding the shipment through to destination, if such arrangements can be made.

"(b) When the transportation of a shipment described in Paragraph (a) of this rule requires the use of an exclusive or special car, or *if shipper for any other reason desires the use of an exclusive or special car for the transportation of property rated First-Class or higher than First-Class, application for the car must be made by the shipper in writing.*

"Except as otherwise provided in specific items the carload rate for such a shipment will be 95% of First-Class, minimum 12,000 pounds, and will not include collection or delivery service. * * *" (Italics added.)

"Rule 17. Commodity Rates

"(a) Except as provided in Paragraph (b) whenever commodity rates are established they remove the application of the classification rating on such commodity between the same points.

"(b) If the charges accruing under class rates, published in tariffs lawfully on file with the Interstate Commerce Commission and State Regulatory Commissions, are lower than the charges provided in commodity tariffs governed by and making reference to this Classification, such lower charges accruing under class rates will apply."

6. Automobile parts and automobile gear frames are among the commodities for which rates lower than first class are provided by express company commodity tariff, Local and Joint Tariff Applying on Miscellaneous Commodities, I.C.C. 7866. On the title page of this tariff, the following clause appears: "Governed, except as otherwise provided in this tariff * * * by Official Express Classification No. 35, I.C.C. 7950."

7. The plaintiff and defendants agree that the rate to be applied on all four shipments is published in the Local and Joint Tariff Applying on Miscellaneous Commodities, I.C.C. 7866. Defendants contend that the traffic moved as four carload shipments, and that the charges for each shipment should be based on the minimum weight of 12,000 pounds as provided in Rule 16 of Official Express Classification No. 35, I.C.C. 7950. Plaintiff contends that under Rule 17, the commodity rates replace the application of the classification rating and that there is no justification in either of the tariffs for applying a minimum weight to a commodity rate.

8. The Commission found that General Motors had requested the Express Company to furnish cars for its exclusive use, although it was not clear whether the request was made in writing. There is no doubt that the shipments actually moved in exclusive cars under separate carload waybills.

9. The Commission concluded that the Express Company had properly charged General Motors according to the applicable commodity rate at the minimum carload weight of 12,000 lbs. and denied reparation.

### Conclusions of Law

1. This action was properly brought under Sections 1336, and 2321-2323, Title 28, U. S. Code, and the Court has jurisdiction of the action and of the parties hereto.

2. Review by this Court of orders of the I.C.C. is limited to finding whether there was substantial evidence supporting any findings of fact made by the Commission and whether the conclusions of the Commission were in accordance with the standards set by Congress. United States v. I.C.C., 337 U.S. 426, 69 S.Ct. 1410, 93 L.Ed. 1451.

3. Where, as here, the issue is the proper interpretation of the tariffs of a common carrier, the Court will give great weight to the interpretation of the Commission since such determinations

have been placed by Congress within the Commission's field of special competence.

4. Upon the record before the Court, it cannot be said that the findings of the Commission were without substantial evidence or that the conclusion of the Commission was unreasonable or arbitrary. This action must, therefore, be dismissed.